UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA** :

    v. : Crim No. 1:24-mj-00058-ZMF-1

**DAVID MEDINA** :

## MOTION TO MODIFY PRETRIAL RELEASE CONDITION

Mr. Medina, through undersigned Counsel, respectfully requests this Court to modify Mr. Medina's condition of pretrial release which restricts his access to all firearms, to allow an exception to two specified handguns - a 9 mm Beretta and a Glock G4 9 mm – for purposes of home protection.

In support of this motion, Counsel states the following:

1. On February 13, 2024, Mr. Medina was charged by complaint with six counts relating to events that occurred at the U.S. Capitol on January 6, 2021: one felony obstruction of official proceedings pursuant to 18 USC § 1512(c)(2), and five misdemeanors pertaining to trespass and disorderly conduct in a restricted building and damage to government property.

2. On February 16, 2024, Mr. Medina was arrested in the District of Oregon. At his Rule 5 appearance the same date, Mr. Medina was released on conditions, including a condition restricting his access to firearms. As directed, Mr. Medina appeared by video for his first appearance in this district on February 29, 2024. As part of that appearance, this Court issued a new release order, which imposed condition (7)(k), prohibiting possession of a firearm. ECF 9.

3. Mr. Medina owns three handguns in total. In compliance with his release conditions, he removed these handguns to another family member's home where they currently remain. He remains in compliance with his other pretrial conditions. He currently reports to his pretrial officer once a month via an online system. *See* ECF 11 (noting email reporting). Officers do not visit him at his home.

4. This case remains in the preindictment posture while the government evaluates the Supreme Court's decision in *United States v. Fischer*, 144 S.Ct. 2176 (2024), which severely limited the scope of 18 USC § 1512(c)(2) (obstruction of official proceedings), the only felony charge in the complaint.

5. Mr. Medina is 34 years old and has no criminal history, either before January 6, 2021, or in the three and a half years since. He is a single parent and sole caretaker of his 16-year-old daughter. He is a lifelong resident of Oregon and has deep ties to his community and church. He has no mental health history.

6. Mr. Medina has been involved in Oregon politics for a long time and has worked on campaigns for conservative candidates and conservative political causes. He is a public figure and has been the subject of media attention.

7. Mr. Medina is not alleged to have engaged in any acts of violence on January 6 and was not involved in any confrontations with police, for whom he has a great deal of respect. He was not involved in the initial breach of the Capitol. Mr. Medina was not disguised through a mask or other gear. He did not carry a weapon of any kind. With respect to his property damage misdemeanor, Mr. Medina is alleged to have picked up a small, shattered, piece of House Speaker Pelosi's wooden sign, which had been broken by another individual, and broke it in two.

8. The FBI originally did a voluntary interview of Mr. Medina regarding his January 6 involvement on March 1, 2021. Mr. Medina was forthcoming with the agents.

9. Mr. Medina is not otherwise prohibited from possessing a firearm. His only firearm restriction is the pretrial condition in this case.

10. The Bail Reform Act specifies that individuals released pretrial should be "subject to the least restrictive further condition, or combination of conditions, that…will reasonably assure the appearance of the person as required and the safety of any other person and the community." *See* 18 USC § 3142 (c)(1)(B). The firearm restriction is not a mandatory condition, but rather one of a number of possible discretionary conditions. *Id*. The Court has the authority to amend the pretrial release conditions "at any time." 18 USC § 3142(c)(3).

11. In determining the least restrictive conditions, the BRA instructs that courts "shall" consider the nature and circumstances of the offense charged, the weight of the evidence against the person, the person's history and characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 USC § 3142(g)(1)-(4).

12. Regarding the nature and circumstances of the charges, the felony obstruction of official proceedings charge in the complaint is likely to be dismissed in light of the *Fischer* decision. Regardless, the conduct described above and in the affidavit in support of the complaint is non-violent and otherwise forms the basis of misdemeanor charges.

13. Mr. Medina has no criminal history and is a peaceful person, but he is also a public figure in Oregon and of concern to Mr. Medina is the heightened risks of an attack faced by public figures. Mr. Medina has been in full compliance during his five months on pretrial

supervision, nor has he had any issues with law enforcement while he was being investigated for this matter (he was first interviewed by the FBI in March of 2021). He is a single parent who, like every parent, worries about being able to sufficiently protect his child and his home. This worry is heightened due to his public presence.

14. The extent of his gun ownership is three handguns. He is respectfully asking the Court to allow him possession to two of these handguns (one is his and one is his 16-year-old child's) for home protection. *See District of Columbia v. Heller*, 554 U.S. 570, 629 (2008) (recognizing the handgun is the most preferred firearm to keep and use for home protection and finding the Second Amendment protects such interest).

15. Considering the section 3142(g) factors – specifically Mr. Medina's non-violent charges, his lack of any criminal history, that he is a single parent with a 16 year old daughter, that he is a public figure, and the fact that he reports online to his pretrial officer – the outright firearm restriction is more restrictive than necessary to ensure the safety of the community under 18 USC § 3142(c), and therefore also infringes on his Second Amendment interests identified in *Heller*.

16. Counsel contacted assigned government counsel for this matter, AUSA Eric Boylan, regarding the government's position on this request, and was informed that the government opposes the requested modification.

17. Counsel emailed the local pretrial officer, Noe Rios, for their position but has yet to hear back.

WHEREFORE Counsel respectfully requests that the Court remove Mr. Medina's firearm restriction in this case or, in the alternative, modify the existing restriction to add on the following additional language to condition (7)(k): "with exception to two handguns, a 9 mm Beretta and a

Glock G4 9 mm, which defendant may possess for purposes of home protection." If the Court wishes to hear from the parties directly regarding this request, Counsel respectfully requests that a virtual status hearing be set to discuss the matter.

                                Respectfully submitted,

                                FIDEL CASSINO-DUCLOUX
                                FEDERAL PUBLIC DEFENDER
                                    /s/

                                _____
                                ROBERT HAMILTON
                                Assistant Federal Public Defender
                                101 SW Main Street
                                Suite 1700
                                Portland, OR 97204
                                (503) 326-2123 ext. 3579
                                Robert_Hamilton@fd.org

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of the foregoing pleading has been served via ECF on Eric Boylan, DOJ-USAO, attorney of record for the United States, this 19th day of July, 2024.

                                      /s/
                                Robert Hamilton
                                Attorney for Defendant